DISTRICT COURT
'APSHIRE

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

JUN 2 4 2019

BROC T. WALTERMEYER            )
                               )
    Plaintiff,                 )                              FILED
                               )
v.                             )   Civil No. 19-cv-233-LM
                               )
ROBERT HAZELWOOD, Warden, and  )
DIANE L. KISTLER, Health Sevices Doctor )
                               )
    Defendants.                )

### MOTION IN RESPONSE TO UNITED STATES OBJECTION TO PETITION FOR PRELIMINARY INJUNCTION

Defendants, ROBERT HAZLEWOOD, Warden of the Federal Bureau of Prisons (hereinafter "BOP"), Federal Correctional Institution in Berlin, New Hampshire (FCI BERLIN), and Dr. DIANE KISTLER, clinical director at the prison to provide urgent bilateral knee replacements, treatment for hepatitis C, and removal of lipoma on the left shoulder of Plaintiff, BROC T. WALTEMEYER filed objection to Plaintiff's petition for preliminary injunctive relief.

While Plaintiff concedes he failed to present this court with a Declaration Oath in support of his petition for preliminary injunctive relief. Plaintiff opposes the notion he provided no affirmative facts in support of his, claims that BOP officials failed to provide the minimal level of medical care mandated by the Eighth Amendment.

Plaintiff provided the available medical records at the time of Plaintiff's filing of petition for preliminary injunctive relief, and would be providing further records in support of Plaintiff's claims. To this point, Plaintiff herein asserts these documents of indicia of veracity to support his claims herein. See Waltermeyer petition for preliminary injucntive relief ("pleading") p.4, ¶3.

Defendants disregard Plaintiff's concern regarding the lipoma on his upper arm/left shoulder; having concluded the lipoma non-urgent because it has been found

to be non-cancerous. Defendant's assertions that the lipoma is not the cause of the numbness in Plaintiff's hand, limited range of motion of his arm, and pain; is pure conjecture. Yet the facts of Plaintiff's condition relating to the lipoma are cause for alarm. The Plaintiff raised concerns over his observation of the lipoma increasing in size. The consulting orthopedist shares this alarm as he referenced the lipoma's increase in size as "rapid growth," and felt it a necessary precaution for further imagery test to rule out the possibiltity of cancer. This in no way disqualified the lipoma on Plaintiff's upper arm/left shoulder as the cause for Plaintiff's ailments. See Kistler's Decl. ¶8. Surgical removal of the lipoma is the only source of relief Plaintiff can hope for.

Defendant's claim that all of Mr. Waltermeyer's medical conditions are properly being attend to. However defendants fail to present the care afforded to Plaintiff in its true light. Since the year 2007 with respect to Mr. Waltermeyer's record of treatment with the BOP. His care plan has remained the same to present. Although this plan was beneficial in its season, it has out lived its affectiveness. The reward outweighs the risk of surgical knee replacements irrespective of Plaintiff's age, or related conditions. There are simply no other options. See Waltemeyer Decl. ¶5.

Plaintiff has a long history of Hepatitis C. His liver functions tests have always been above the BOP treatment threshold. There was one anomalous test result that fell below that threshold throughout the years of Plaintiff's current incarceration with the BOP. The most recent test results have returned with readings that are consistent with his past liver functions tests above the BOP's treatment threshold, displaying defendant's grossly deliberate indifference; characteristic to all of Plaintiff's medical issues. See attached Pleading, Exhibit A.

As this Response and Plaintiff's petition for injunctive relief, including

exhibits and declaration make clear the Plainitff's medical needs are urgent. For these reasons the Plaintiff's petition for injuctive relief should be granted.

June 18, 2019                                          /s/ _____

                                                       Broc T. Waltermeyer

-3-