UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Broc T. Waltermeyer

      v.                                Civil No. 19-cv-233-LM
                                        Opinion No. 2024 DNH 017 P

Warden, FCI Berlin &
Diane L. Kistler

## **O R D E R**

Pro se plaintiff Broc T. Waltermeyer alleges that defendants, former Warden of the Berlin, New Hampshire Federal Correctional Institution ("FCI Berlin") Robert Hazlewood and an FCI Berlin physician, Diane L. Kistler, violated his Eighth Amendment rights. Waltermeyer seeks money damages pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), claiming that defendants provided inadequate medical treatment during his incarceration at FCI Berlin. Defendants moved to dismiss Waltermeyer's Bivens claim. Doc. no. 33. The Magistrate Judge issued a Report and Recommendation ("R&R") on December 28, 2023, recommending that the district court deny the motion to dismiss. Doc. no. 38. Defendants object. Doc. no. 44. The court rejects the R&R for the reasons explained below.

## **BACKGROUND**

The United States Supreme Court has recognized only three factual contexts in which a plaintiff may bring a Bivens claim: (1) a Fourth Amendment claim consisting of facts comparable to Bivens itself, see Bivens, 403 U.S. 388 at 389-91;

(2) a Fifth Amendment Equal Protection Clause claim for sex discrimination, <u>see</u> <u>Davis v. Passman</u>, 442 U.S. 228 (1979); and (3) an Eighth Amendment claim for inadequate medical treatment, <u>see</u> <u>Carlson v. Green</u>, 446 U.S. 14 (1980). <u>See</u> <u>Quinones-Pimentel v. Cannon</u>, 85 F.4th 63, 69 (1st Cir. 2023) (summarizing legal landscape). It is undisputed that Waltermeyer's <u>Bivens</u> claim for inadequate medical treatment invokes <u>Carlson</u>.

Since <u>Carlson</u>, the Supreme Court has "consistently" refused to extend <u>Bivens</u> despite numerous opportunities to do so. <u>See</u> <u>Ziglar v. Abbasi</u>, 582 U.S. 120, 137 (2017); <u>Quinones-Pimentel</u>, 85 F.4th at 69 (collecting Supreme Court cases). At the same time, the Supreme Court has not overruled <u>Bivens</u>. <u>Egbert v. Boule</u>, 596 U.S. 482, 491 (2022) ("[R]ather than dispense with <u>Bivens</u> altogether, we have emphasized that recognizing a cause of action under <u>Bivens</u> is 'a disfavored judicial activity.'" (quoting <u>Abbasi</u>, 582 U.S. at 135)). Instead, the Court has imposed "a highly restrictive two-step analysis," which limits when claims for damages against federal officers may proceed. <u>Bulger v. Hurwitz</u>, 62 F.4th 127, 136-37 (4th Cir. 2023).

The two-step analysis proceeds as follows: under the first step, the court must determine whether the claim seeks to apply <u>Bivens</u> in a "new context." <u>Egbert</u>, 596 U.S. at 492. A claim arises in a new context if it is "meaningfully different" from the three cases in which the Supreme Court has authorized damages claims against federal officers for constitutional violations. <u>Id.</u> Meaningful differences may include:

> the rank of the officers involved; the constitutional right at issue; the generality or specificity of the official action; the

> extent of judicial guidance as to how an officer should
> respond to the problem or emergency to be confronted; the
> statutory or other legal mandate under which the officer
> was operating; the risk of disruptive intrusion by the
> Judiciary into the function of other branches; <u>or the
> presence of potential special factors that previous Bivens
> cases did not consider.</u>

Abbasi, 582 U.S. at 140 (emphasis added). Thus, a meaningful difference exists

where a claim presents "special factors" that the Supreme Court did not consider in

one of the three original <u>Bivens</u> cases.

If there are meaningful differences that place the plaintiff's claim in a new

context, the court proceeds to the second step. Egbert, 596 U.S. at 492. In <u>Egbert</u>,

the Supreme Court explained that "a new context arises when there are 'potential

special factors that previous <u>Bivens</u> cases did not consider.'" Egbert, 596 U.S. at 492

(quoting Abbasi, 582 U.S. at 137). Most importantly for the instant case, <u>Egbert v.

Boule</u> holds that an alternative remedial structure may be one of the many "special

factor[s]" that the three previous <u>Bivens</u> actions did not consider. See id. at 492-93;

Noe v. United States, No. 23-1025, 2023 WL 8868491, at *3 (10th Cir. Dec. 22,

2023); Silva v. United States, 45 F.4th 1134, 1139 (10th Cir. 2022); Arias v. Herzon,

--- F. Supp. 3d ---, 17-cv-516-LM, 2023 WL 4204657, at *5 (D.N.H. June 27, 2023)

("[T]he Supreme Court made clear that an alternative remedial structure is a

'special factor' which courts must give heightened consideration.").

This means that, after <u>Egbert</u>, the two-step framework "often resolves to a

single question: whether there is any reason to think that Congress might be better

equipped to create a damages remedy." Egbert, 596 U.S. at 492. Stated another

way: "[Whether] Congress already . . . provided, or . . . authorized the Executive to provide, an 'alternative remedial structure.'" Id. 494 (internal citations omitted) (quoting Abbasi, 582 U.S. 120, 137 (2017)). If the court answers that question in the affirmative, then the Bivens claim does not survive.

As the Court in Egbert recognized, it denied relief "for two independent reasons: Congress is better positioned to create remedies in the border-security context, and the Government already has provided alternative remedies that protect plaintiffs . . . ." Id. (emphasis added). Ultimately, Egbert is unequivocal: "[a] court faces only one question: whether there is any rational reason (even one) to think that Congress is better suited to 'weigh the costs and benefits of allowing a damages action to proceed.'" Id. at 496 (quoting Abbasi, 582 U.S. at 136).

The bottom line is that Egbert precludes a Bivens claim where there is a new alternative remedial structure available to the plaintiff. See Noe, 2023 WL 8868491, at *3; Silva, 45 F.4th at 1139; Arias, 2023 WL 4204657, at *5. As the Tenth Circuit explained in Noe v. United States, where—as here—a plaintiff brings a Carlson claim despite having the availability of the Bureau of Prisons's ("BOP") Administrative Remedy Program ("ARP") during his incarceration, the district court must dismiss the claim as a matter of law. Noe, 2023 WL 8868491, at *3. Following Egbert, "the availability of the ARP is sufficient to foreclose a Bivens claim despite any factual similarity between the two." Id. In Noe, the Tenth Circuit concluded that it "need not decide whether [the plaintiff's] case is meaningfully different from Carlson because in the wake of Egbert and Silva v. United States, the availability of

the ARP is sufficient to foreclose a <u>Bivens</u> claim despite any factual similarity between the two." <u>Id.</u> (internal citation omitted).

## APPLICATION OF <u>EGBERT</u> TO THIS CASE

The Tenth Circuit's decision in <u>Noe</u> is on all fours with Waltermeyer's case. Regardless of the similarity between Waltermeyer's alleged circumstances and the facts in <u>Carlson</u>, the ARP's existence eliminates any possibility that his claim survives. There is no discovery that could breathe life into this claim.

The more recent cases from the Supreme Court, <u>see</u> <u>Egbert, 596 U.S. at 491</u>, <u>Abbasi, 582 U.S. at 133</u>, <u>Hernandez v. Mesa, 140 S. Ct. 735, 741 (2020)</u>, make crystal clear that the Court views the original, court-created <u>Bivens</u> remedy as violating fundamental separation of powers principles. <u>See</u> <u>Egbert, 596 U.S. at 502</u> (Gorsuch, J., concurring) ("Our Constitution's separation of powers prohibits federal courts from assuming legislative authority. As the Court today acknowledges, <u>Bivens</u> crossed that line . . . ." (internal citation omitted)); <u>Abbasi</u>, <u>582 U.S. at 13</u> ("[I]t is a significant step under separation-of-powers principles for a court to determine that it has the authority, under the judicial power, to create and enforce a cause of action for damages against federal officials in order to remedy a constitutional violation."); <u>Hernandez, 140 S. Ct. at 739</u> ("As we have made clear in many prior cases, however, the Constitution's separation of powers requires us to exercise caution before extending <u>Bivens</u> to a new 'context,' . . . .").

Those separation of powers principles animate the decisions in <u>Egbert</u> and <u>Abbasi</u>. In cases where an alternative remedial scheme (that was not considered by

the Court in Carlson) exists, Egbert and Abbasi command the lower courts to exercise judicial restraint and defer to the authority of the executive (or legislative) branch that provided the alternative remedy.

The R&R attempts to distinguish my decision in Arias because (1) I decided Arias at summary judgment, and (2) Arias is presently on appeal. But these distinctions ignore the key legal principle in Arias: after Egbert, an alternative remedial structure is "sufficient by itself" to preclude a Bivens claim. Arias, 2023 WL 4204657, at *3. This principle is not only consistent with Egbert, it is also supported by the Tenth Circuit's post-Egbert caselaw. See Noe, 2023 WL 8868491, at *3 (viewing the takeaway from Egbert "as being that courts may dispose of Bivens claims for two independent reasons" (internal quotation marks and brackets omitted)); Silva, 45 F.4th at 1141 (finding that the ARP "offers an independently sufficient ground to foreclose [the plaintiff's] Bivens claim").

Further, the court's determination that alternative remedies independently preclude a Bivens action is consistent with Egbert's citation to Correctional Services Corp. v. Malesko, 534 U.S. 61 (2001). In Malesko, the Supreme Court declined to extend Bivens relief to claims asserted against a BOP contractor. Malesko, 534 U.S. at 63. In Egbert, the Court discussed Malesko approvingly: "In Malesko, we explained that Bivens relief was unavailable because federal prisoners could, among other options, file grievances through an 'Administrative Remedy Program.'" Egbert, 596 U.S. at 497 (quoting Malesko, 534 U.S. at 74). This is the same

remedial structure that was available to Waltermeyer. The court, therefore, declines to abandon the approach it took in Arias.

The R&R contends that more factual development is necessary to determine whether alternative remedies were available to Waltermeyer. But Waltermeyer does not dispute that, while he was in the custody of the BOP, the ARP was available to him.[1] Instead, Waltermeyer's objection to defendants' motion to dismiss argues that the court need not consider the availability of alternative remedies because his case is not a new Bivens context. However, as explained above, the Supreme Court's recent jurisprudence calls on lower courts to consider alternative remedial structures when determining whether a Bivens claim presents a new context, and the availability of ARP places Waltermeyer's claim in a context that differs from Carlson.

The R&R additionally asserts that, to the extent Waltermeyer had alternative remedies other than the ARP available, those remedies are insufficient to resolve his claims. This assertion, however, goes against Egbert: "the question whether a given remedy is adequate is a legislative determination that must be left to Congress, not the federal courts." 596 U.S. at 498. Therefore, under Egbert, the court must not assess the sufficiency of the remedies available to Waltermeyer.

The takeaway from the Supreme Court's recent Bivens jurisprudence is that separation of powers principles call for judicial restraint. Those principles informed

---

[1] Waltermeyer's original complaint, construed as part of his third amended complaint in the R&R, explicitly states that Waltermeyer "exhausted his Administrative Remedy process." Doc. no. 1 at 1.

my reasoning in <u>Arias</u>, and I am not persuaded by the Magistrate Judge's attempt to distinguish it.

## CONCLUSION

For the aforementioned reasons, the court rejects the Magistrate Judge's Report and Recommendation (doc. no. 38). The court grants defendants' motion to dismiss (doc. no. 33). Accordingly, the clerk of court shall enter judgment and close the case.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

March 14, 2024

cc:    Broc. T. Waltermeyer, pro se
       Counsel of Record